UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GUILLERMO RAMIREZ-CARRANZA,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 10-CR-20260
CIVIL CASE NO. 12-CV-11696

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 23)

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.  REPORT

### A.  Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Guillermo Ramirez-Carranza ("Ramirez-Carranza"). The government responded (Doc. 32) and Ramirez-Carranza did not reply. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Ramirez-Carranza was charged in a one-count indictment with illegal reentry after having been deported on May 21, 2002, without having obtained the express consent of the Secretary of Homeland Security to re-apply for admission into the United States, in violation of 8 U.S.C. § 1326(a).

On August 23, 2010, Ramirez-Carranza pleaded guilty to the sole count of the indictment before the undersigned magistrate judge and pursuant to a Rule 11 agreement. (Doc. 14.) The Report and Recommendation recommending that the district court enter the plea was adopted by the district judge on September 7, 2010. (Doc. 17.) In the plea agreement, the government recommended that Ramirez-Carranza be granted a reduction of three levels for acceptance of responsibility, it was noted that there were no sentencing guideline disputes and that the applicable range was 46 to 57 months, absent any criminal history discoveries or any false statements or withheld information that would demonstrate a lack of acceptance of responsibility. (Doc. 34 at 3-4.) The agreement also included an appellate waiver that provided:

> If the sentence imposed does not exceed the maximum allowed by Part 3 or this agreement, defendant waives the right to appeal his conviction or sentence on any grounds . . . . Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitioner or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(Doc. 14 at 7.)

At the sentencing hearing on December 2, 2010, Ramirez-Carranza was sentenced to 45 months in prison as evidenced in the judgment entered on December 8, 2010. (Doc. 21 at 2.) Ramirez-Carranza did not appeal his conviction or sentence.

Ramirez-Carranza filed the instant motion to vacate his sentence on April 16, 2012. (Doc. 23.) In the motion, Ramirez-Carranza raises the following grounds for relief: (1) ineffective assistance of counsel for counsel's failure to "file a notice of appeal after petitioner had told his counsel to do so"; (2) ineffective assistance of counsel because counsel "fail[ed] to object to the illegal sentence of '45' months because it exceeds the statutory maximum sentence of 'two' years of imprisonment"; (3) ineffective assistance of counsel for counsel's "failure to move the district court under 2L1.2 (cultural assimilation)"; (4) ineffective assistance of counsel because counsel failed to "move the court under U.S.S.G. 5K3.1 (fast track program)." (Doc. 23 at 4-8.)

### C.     Limitation Period

The government contends that Ramirez-Carranza's motion is time-barred. (Doc. 32 at 3-4.) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), applies in this case because the petition was filed after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA contains a one-year statute of limitations for petitions seeking to vacate, set aside or correct federal sentences. 28 U.S.C. § 2255(f).[1] "Prior to this [enactment], a party could

---

[1] 28 U.S.C. § 2255(f) states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

  (1) the date on which the judgment of conviction became final;

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been

3

bring a § 2255 motion at any time." *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997). Pursuant to § 2255(f)(1), the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. When a § 2255 petitioner does not pursue a direct appeal to the court of appeals, his or her conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, i.e., one year and 69 days after the appeals court issued its mandate or one year and 90 days after the court of appeals entered its judgment. *Id.*

In the instant case, Ramirez-Carranza filed his motion to vacate sentence on April 16, 2012. (Doc. 23.)[2] Since Ramirez-Carranza did not appeal, his conviction became final on the date the time for filing such an appeal expired, i.e., 14 days from the entry of judgment on December 9, 2010, or December 23, 2010.[3] (Doc. 21.) Therefore, Ramirez-Carranza should have filed any motion to vacate sentence by December 23, 2011. Since his motion was not filed until 4 months after the

---

discovered through the exercise of due diligence.

[2]I note that his motion is dated March 31, 2012. (Doc. 23 at 12.)

[3]Fed. R. Crim. App. 4.

4

limitation period expired, I suggest that his motion is untimely and that it should be denied on this ground alone.[4]

### D.    Alternative Analysis

If the Court were to consider the merits of Ramirez-Carranza's claims, I suggest that the result would be largely the same and that the motion to vacate should be denied in part but granted in part as to his first ground for relief.

### 1.    Standard of Review

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first

---

[4]Ramirez-Carranza does not argue for equitable tolling to be applied. Even if he had so argued, I suggest that he would not be entitled to its application. A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Ineffective assistance of counsel does not apply in this context, because [petitioner] possessed no right to counsel in the prosecution of a § 2255 motion." *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001). Since Ramirez-Carranza has not alleged any extraordinary circumstances and would appear to rely only on ineffective assistance of counsel, I suggest that Ramirez-Carranza cannot show that he would be entitled to equitable tolling.

instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### 2. Ineffective Assistance for Failure to File Notice of Appeal

Ramirez-Carranza contends that counsel was ineffective for failure to perfect an appeal. He states that he "asked his counsel to file an appeal on petitioner['s] behalf, [but] counsel in this case fail[ed] to even as much as file a notice of appeal after petitioner had told his counsel to do so[.]" (Doc. 23 at 4.)

In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), the Supreme Court stated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. The Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance claim entitling him to an appeal" without any further showing. *Id.* at 484.

Giving force to the "appeal that he otherwise would have taken" language quoted above and to the concept of prejudice under *Strickland*, the Sixth Circuit held, in an unpublished opinion, that,

7

> [s]tripping *Flores-Ortega* to its rudiments, it becomes clear that there are two scenarios in which the two *Strickland* components can be satisfied in a single stroke: (1) where the defendant specifically instructs his attorney to file an appeal, and his attorney does not; and (2) where non-frivolous grounds for appeal exist, yet no appeal is filed.

*United States v. Lovell*, 83 F. App'x 754, 759 (6th Cir. 2003) (internal citation omitted). Thus, in order for ineffectiveness to have been shown for a failure to file an appeal, there had to be "non-frivolous grounds for appeal." *Id*. However, the Sixth Circuit recently departed from such thinking and stated that "even where an appeal appears frivolous," once a client requests an appeal be filed, counsel should file the appeal and file a brief indicating there are no meritorious grounds for appeal as described in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1936, 18 L. Ed. 2d 493 (1967). *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012). Therefore, the Sixth Circuit held that "even where a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitled the defendant to relief in the form of a delayed appeal." *Id.* at 360.[5]

---

[5] *Cf. United States v. Mabry*, 536 F.3d 231, 242 (3d Cir. 2008) (if the waiver of direct appeal and collateral attack rights was made knowingly and voluntarily, an ineffective assistance of counsel claim based on failure to file an appeal would be precluded and the plea agreement would be enforced absent a narrowly-defined exception to prevent a miscarriage of justice); *Nunez v. United States*, 546 F.3d 450, 452 (7th Cir. 2008) ("it would be anomalous to plead guilty and waive appeal, yet reserve by indirection a right to test the conviction later"); *United States v. Poindexter*, 492 F.3d 263, 272 (4th Cir. 2007) (holding that because failure to address the merits of a claim could leave a defendant whose civil rights were violated after pleading guilty without recourse, the court has "refused to enforce appeal waivers in cases that involve errors that the defendant could not have reasonably contemplated when the plea agreement was executed," such as where the plea agreement was executed include a sentence imposed in excess of the maximum penalty or based on a constitutionally impermissible factor such as race); *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994); *United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (where a defendant is "sentenced precisely in the manner that he anticipated[,]" the appellate waiver must be enforced because plea agreements "rest on contractual principles, and each party should receive the benefit of its bargain"; an appeal under these circumstances would "unfairly deny the United States an important benefit of its bargain"); *United States v. Arevalo*, No. 5:07-153-JMH-JGW (crim) and 09-7071-JMH-JGW (civ), 2010 WL 5391459, at *2 (E.D. Ky. Dec. 22, 2010) ("requiring counsel to file a notice of appeal or an *Anders* brief in the face of such a waiver would be nonsensical . . . [and] would also create an infallible rule out of the holding in *Flores-Ortega* that both defies logic and depends on a scenario which was not before the Court in that case"); *United States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) and No. 09-7091 (civ), 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010) (collateral

Since the appellant in *Campbell* was a petitioner on a motion to vacate sentence, the Sixth Circuit vacated the district court opinion and remanded the case, indicating that "the district court must conduct an evidentiary hearing to determine if [the petitioner] in fact expressed the desire for an appeal as he now asserts." *Id.* The Court noted that, "[i]f the district court finds that [petitioner] did so [i.e., directed his attorney to file an appeal], his attorney's failure to file an appeal constitutes ineffective assistance of counsel, and [petitioner] is entitled to file a delayed appeal." *Id.*

Consequently, should the court determine that Ramirez-Carranza's motion to vacate sentence is not untimely such that the merits of the petition are addressed, I suggest that Sixth Circuit precedent would require an evidentiary hearing be held as to this ground.

### 3. Ineffective Assistance for Failure to Object to Sentence

Ramirez-Carranza contends that counsel provided ineffective assistance because he "fail[ed] to object to the illegal sentence of '45' months because it exceeds the statutory maximum sentence of 'two' years of imprisonment[.]" (Doc. 23 at 5.) I suggest that this issue lacks merit since Ramirez-Carranza signed, on June 3, 2010, the Acknowledgment of Indictment which expressly stated that the maximum penalty was "20 years imprisonment/3 years supervised release/$250,000 fine." (Doc. 7.) In addition, trial counsel requested a downward departure in his sentencing memorandum. (Doc. 20 at 4-5.) Ramirez-Carranza's sentence of 45 months reflects a downward departure from the guideline range of 46 to 57 months as described in the Rule 11 plea agreement (Doc. 34 at 3-4), and a more dramatic downward departure from the amended guideline range of 57 to 71 months. (Doc. 33 at 2.) I therefore suggest that counsel could not have been ineffective for

---

relief should be barred where the plea agreement was entered into knowingly and voluntarily because, "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement").

9

arguing for a downward departure successfully but failing to argue an erroneous reason for the request. *See Strickland, supra.*

### 4. Ineffective Assistance Regarding Cultural Assimilation Argument

Ramirez-Carranza argues that counsel was ineffective for his "failure to move the district court under 2L1.2 (cultural assimilation)[.]" (Doc. 23 at 7.) The record shows that counsel argued for a variance or downward departure based on cultural assimilation in his sentencing memorandum. (Doc. 20 at 8-10.) In this circuit, counsel is not ineffective for raising arguments unsuccessfully. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). Therefore, I suggest that this ground lacks merit.

### 5. Ineffective Assistance Regarding Fast Track Program

Ramirez-Carranza also argues that counsel was ineffective because he failed to "move the court under USSG 5K3.1 (fast track program)[.]" (Doc. 23 at 8.) The record shows that counsel argued for a variance or downward departure based on "fast track disparity" in his sentencing memorandum. (Doc. 20 at 10-11.) Counsel is not ineffective for raising this argument unsuccessfully. *See Hodge, supra.* I therefore suggest that this ground lacks merit.

### 6. Conclusion

If the Court addresses the substance of Ramirez-Carranza's arguments, for the reasons stated above, I suggest that he has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable.

However, under *Campbell,* I reluctantly suggest that if the merits are addressed, an evidentiary hearing must be held to determine whether Ramirez-Carranza directed his counsel to file an appeal, and if he did, that Ramirez-Carranza should be granted a delayed appeal.

**E.     Evidentiary Hearing**

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address other than that raised in ground one, as indicated above. Furthermore, since I suggest that Ramirez-Carranza

11

cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Ramirez-Carranza is not entitled to an evidentiary hearing on the allegations raised in his motion except for ground one, should his motion to vacate sentence be considered timely and the merits of his claims be addressed.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

           s/ Charles E. Binder
           CHARLES E. BINDER
Dated: October 17, 2012           United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Guillermo Ramirez-Carranza #26836-039, FCI Ray James, P.O. Box 2000, Folkston, GA 31537.

Date:  October 17, 2012                    By     s/Patricia T. Morris
                                                                          Law Clerk to Magistrate Judge Binder